# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4250 | **DATE** | 7/31/2001 |
| **CASE TITLE** | William Parker vs. Phillips Chevrolet | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. This Court therefore continues to await something more from counsel, a matter that may be discussed at the time of the next telephonic status hearing at 8:45 a.m. August 15, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 3 1 2001 | 12 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING | 7/31/2001 | |
| | Copy to judge/magistrate judge. | 01 JUL 31 AM 8:10 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM PARKER and MELISSA PYTLEWSKI, )
)
Plaintiffs, )
)
v. ) No. 01 C 4250
)
PHILLIPS CHEVROLET, INC., GENERAL )
MOTORS CORP., and FIRSTAR BANK, N.A., )
)
Defendants. )

DOCKETED
JUL 3 1 2001

MEMORANDUM OPINION AND ORDER

General Motors Corp. ("GM") has filed a motion for its dismissal from this action, in which William Parker and Melissa Pytlewski have sued GM, Phillips Chevrolet, Inc. ("Phillips") and Firstar Bank, N.A., asserting several claims based on plaintiffs' purchase of a used car from Phillips. That purchase, says GM, does not permit an action against it -- GM was admittedly not the seller of the vehicle -- under the Truth In Lending Act.

Plaintiffs' counsel have now responded to this Court's oral inquiry, made when the matter was brought before it on GM's motion, as to what good faith basis exists for alleging that Phillips is an agent of GM in connection with the sale of used cars (as contrasted, for example, with any agency argument based on Phillips' dealer relationship with GM regarding any new cars that GM sells to Phillips).[1] For that purpose counsel points to the

---

[1] Of course Phillips has obtained the used cars that it sells from private parties, either via trade-ins or via purchases from those parties.



opinion by this Court's respected colleague, Honorable Matthew Kennelly, in Kent v. Celozzi-Ettelson Chevrolet, Inc., No. 99 C 2868, 1999 WL 1021044 (N.D. Ill. Nov. 3), in which Judge Kennelly ruled (id. at *3-*4) that "an automobile dealership may under certain circumstances be an agent of the manufacturer" and that the allegations of the complaint there, read through the generous lens prescribed by Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] were sufficient to keep the plaintiff in court against GM on an agency theory.

But the difficulty with that presentation remains that it is all too easy for a complaint to shape allegations that would survive scrutiny in Fed. R. Civ. P. ("Rule") 12(b)(6) terms, yet have no objective basis for having done so. This Court's oral inquiry of the parties was as to the objective good faith basis that Rule 11 demands of every pleader that would support the agency claim.

It is of course possible that the relationship between a franchised automobile dealer and a manufacturer might contain elements that would sustain the notion that the former is the agent of the latter in conducting used car sales, but that is not in accordance with the general real world understanding of the

---

[2]This Court regularly cites to Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) for the identical proposition. Although Hishon itself cites Conley as authority, it is a generation younger -- and that helps show that the pleading doctrine referred to in the text remains alive and well and living in Washington.

2

relationship. This Court therefore continues to await something more from counsel, a matter that may be discussed at the time of the next telephonic status hearing at 8:45 a.m. August 15, 2001.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 31, 2001